

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00136-CR

---

STEVE SANCHEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 483rd Judicial District Court
Hays County, Texas
Trial Court No. CR-23-1382-F, Honorable Tanner Neidhardt, Presiding

---

December 19, 2024

## MEMORANDUM OPINION

### Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Following plea of not guilty, Appellant, Steve Sanchez, was found guilty by a jury of two counts of indecency with a child by sexual contact.[1] By his two issues he contends: (1) the trial court erred by denying his motion for continuance a week before trial; and (2)

---

[1] TEX. PENAL CODE ANN. § 21.11(d).

his Sixth Amendment rights were violated because of the ineffective assistance of his counsel. We affirm.[2]

## BACKGROUND

The complainant was fifteen years old at the time of the offense. Appellant was in a relationship with the complainant's mother for ten years, and the couple married in December 2020. Two months later, the couple had marital difficulties and separated with mother moving out of the house in 2022. Because they had a young son together, and because of his relationship with mother's other children as a father figure, the couple's son and the complainant visited Appellant on the weekends during the separation. The complainant would also spend nights with her older sister on some weekends. In 2023, complainant ran away from her older sister's home, and after her sister found her in a nearby park, she made an outcry to her sister that Appellant had been touching her inappropriately. The older sister called her mother, and complainant made a second outcry to her mother. Mother called Appellant to confront him, and he denied doing anything inappropriate with his stepdaughter. Mother took complainant to the nearest child advocacy center where she was interviewed by Child Protective Services ("CPS"). Following an investigation by law enforcement, Appellant was arrested and tried for two counts of indecency with a child.

---

[2] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Third Court of Appeals and this Court, this appeal will be decided in accordance with the precedent of the Third Court of Appeals. TEX. R. APP. P. 41.3; *Mitschke v. Borromeo*, 645 S.W.3d 251 (Tex. 2022).

One week before trial, Appellant's counsel moved for a continuance on the basis he had another trial to prepare for and also because the State inadvertently failed to turn over video evidence. The trial court denied the motion and the case proceeded to trial. The jury returned a verdict of guilty on both counts and sentenced Appellant to ten years' imprisonment.

## STANDARD OF REVIEW

We review a trial court's ruling on a motion for continuance for an abuse of discretion. *Acosta v. State*, No. AP-77,092, 2024 Tex. Crim. App. Unpub. LEXIS 225, at *14 (Tex. Crim. App. June 5, 2024) (citing *Gallo v. State*, 239 S.W.3d 757, 764–65 (Tex. Crim. App. 2007)). To show reversible error predicated on the denial of a pretrial motion for continuance, a defendant must demonstrate both that the trial court erred in denying the motion and that the lack of a continuance caused harm. *Id.* (citing *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010)).

To prevail on a claim of ineffective assistance of counsel, appellant must show both deficient performance and prejudice. *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). In assessing a claim of ineffective assistance, an appellate court "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance; that is, the [appellant] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Williams*, 301 S.W.3d at 687 (citing *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). An appellant's failure to satisfy one prong of the *Strickland*

3

test negates a court's need to consider the other prong. *Id.* While the ultimate question of prejudice under *Strickland* is reviewed de novo, the trial court is afforded deference on any underlying historical fact determinations. *Johnson v. State*, 169 S.W.3d 223, 239 (Tex. Crim. App. 2005).[3]

## ANALYSIS

### ISSUE ONE—DENIAL OF MOTION FOR CONTINUANCE

Appellant's first issue claims the trial court abused its discretion by denying his motion for continuance. He argues the trial court violated his Sixth Amendment rights because his counsel was prevented from adequately preparing for trial. Particularly, he complains the State's inadvertent late production of some evidence did not permit his counsel adequate time to review the evidence before trial.

The trial was delayed repeatedly since its first setting for various reasons, including a lack of representation, conflicting trial schedules, and Appellant's attorney having family medical issues. By the time the complained of motion for continuance was heard, the trial court had already granted a total of seven continuances. A week before trial,

---

[3] The Texas Court of Criminal Appeals recently gave a more detailed explanation of this mixed standard and its application to ineffective assistance claims in *State v. Hradek*, __ S.W.3d__, 2024 Tex. Crim. App. LEXIS 1012, (Tex. Crim. App. 2024). Ineffective assistance of counsel prejudice is a mixed question of law and fact, and some questions of fact may turn on the credibility and demeanor of the witnesses who testify in the new trial hearing. *Id.* at *19–20 (citations omitted). Appellate courts should afford almost total deference to a trial court's determinations of those questions. *Id.* Mixed questions of law and fact that do not depend on an evaluation of credibility and demeanor may be reviewed de novo. *Id.* Unless the trial court is in an appreciably better position than the appellate court to decide the issue, the appellate court may independently determine the issue while affording deference to the trial court's findings on subsidiary factual questions. *Id.* (internal quotations omitted). Reviewing courts must defer to the trial court's role as factfinder due to its role as the judge of witness credibility, but they apply a de novo review in those situations in which we can isolate a pure question of law. *Id.* at *29 (Newell, J, concurring). Given this understanding, appellate courts must afford "almost total deference" to the trial court's determination of the historical facts and to mixed questions of law and fact that turn on an evaluation of credibility and demeanor, but purely legal questions can be reviewed de novo. *Id.* at *30–31.

4

Appellant's counsel filed yet another motion for continuance. The written motion for continuance does not contain an affidavit "sworn to by a person having personal knowledge of the facts relied on for the continuance," as required by statute. To preserve error regarding the denial of a motion for a continuance, the motion must be in writing and sworn. TEX. CODE CRIM. PROC. ANN. art. 29.08; *Dewberry v. State*, 4 S.W.3d 735, 755–56 (Tex. Crim. App. 1999); *Matamoros v. State*, 901 S.W.2d 470, 478 (Tex. Crim. App. 1995).

In addition, the written motion only states Appellant's counsel had a trial conflict with another criminal case set for the same date in Williamson County. At the hearing on the motion, Appellant's counsel orally raised the issue of delayed production of discovery by the State. However, this specific reason was not part of the written motion, and Appellant's counsel did not supplement or amend his motion to include this reason for his request for continuance. TEX. CODE CRIM. PROC. ANN. art. 29.03 ("A criminal action may be continued on [a] written motion . . . upon sufficient cause . . . fully set forth in the motion."). Because Appellant's counsel failed to adhere to the statutory requirements to make a sworn motion for continuance in writing, he failed to preserve the issue for review. TEX. R. APP. P. 33.1.

We overrule Appellant's first issue.

**ISSUE TWO—INEFFECTIVE ASSISTANCE OF COUNSEL**

For his second issue, Appellant complains he received ineffective assistance of counsel. Because his counsel failed to object to hearsay testimony which violated Rule 404(b) of the Rules of Evidence, he argues, the jury's impression of him was

5

impermissibly tainted by knowledge of his prior incarceration. He concludes, but for the admission of his prior prison time, the jury would have acquitted him because the allegations against him occurred only after the complainant was caught running away from home and engaging in bad behaviors.

The right to reasonably effective assistance of counsel in a criminal prosecution is guaranteed by the Sixth Amendment to the United States Constitution and Article 1, Section 10 of the Texas Constitution. U.S. CONST. amend VI; TEX. CONST. art. 1, § 10. To establish a claim based on ineffective assistance, an appellant must show (1) his counsel's representation fell below the objective standard of reasonableness and (2) there is a reasonable probability that but for counsel's deficiency the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687. In other words, an appellant must show his trial counsel's performance was deficient *and* he was prejudiced by the deficiency. *State v. Gutierrez*, 541 S.W.3d 91, 98 (Tex. Crim. App. 2017) (emphasis added).

A claim of ineffective assistance of counsel must be firmly demonstrated in the record. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999)). "It is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). We must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Frangias v. State*, 450 S.W.3d 125, 136 (Tex. Crim. App. 2013). Furthermore, when the record fails to show the reason for counsel's acts or failure to act, we may not generally find that counsel has

been ineffective. *Hicks v. State*, 419 S.W.3d 555, 561 (Tex. App.—Amarillo 2013, pet. ref'd) (citing *Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012)). If counsel's rationale is not in the record, then the appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Menefield*, 363 S.W.3d at 593.

The only reference to Appellant's prior prison sentence during the guilt/innocence phase of the trial was made by mother. On direct examination she recounted Appellant telling her: "You know what's going to happen to me? I'm going to go back to prison." This recitation was made during a long direct examination of mother and was one small portion of her testimony. Her testimony was also followed by testimony from:

- the older sister of the complainant;

- the complainant;

- the law enforcement officer who initially investigated the complainant's allegations;

- the forensic interviewer from the child advocacy center where complainant was initially interviewed after her outcry;

- the program director of a child advocacy center who testified as an expert on child sexual abuse; and

- the detective who conducted the investigation into the allegations against Appellant.

Before mother took the stand, the jury also heard from the CPS investigator who investigated the outcry. None of the other witnesses mentioned Appellant's prior prison time. The State also introduced evidentiary documents, including: diagrams the complainant filled out during her CPS interview to show where Appellant touched her;

7

pictures of the complainant; and various maps and pictures of Appellant's home where the offenses took place.

Given the volume of testimony and evidence presented to the jury, the majority of which followed the arguably inadmissible prison reference, it is not reasonable to conclude the single reference to Appellant's past incarceration was the predominant factor contributing to his conviction. We therefore cannot say with reasonable probability, but for Appellant's counsel's failure to object to the mention of his prior prison time, the result of the proceeding would have been different. Appellant's second issue is overruled.

**CONCLUSION**

The judgment of the trial court is affirmed.

Alex Yarbrough
Justice

Do not publish.